## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAMELA D. DURST,**
**Claimant Below, Petitioner**

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-1171** (BOR Appeal No. 2050424)
(Claim No. 2011012627)

**FELMAN PRODUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela D. Durst, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Felman Production, Inc., by Kathrine H. Arritt and Jeffery B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 6, 2015, in which the Board affirmed an April 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 11, 2014, decision to deny a request for a referral to Holzer Physical Medicine and Rehab. The Office of Judges also affirmed the two claims administrator decisions both dated June 27, 2014. The claims administrator closed the claim for temporary total disability benefits and denied a request for additional temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Durst, a locomotive operator for Felman Production, Inc., was attempting to extinguish a fire on September 18, 2010, when she injured her shoulder, neck, back, and both

1

knees. Ms. Durst filed a claim for benefits on September 21, 2010, alleging sprain/strain of the low back, left shoulder, neck, and bilateral knees.

A patient note dated November 8, 2012, from Vivek Neginhal, M.D., indicated that Ms. Durst reported a pop in her right knee while carrying fire extinguishers up some stairs at work. According to Ms. Durst, this work injury had aggravated a prior right knee injury from ten years ago. Ms. Durst complained of occasional swelling, locking and catching in the right kneecap. Dr. Neginhal's assessment was traumatic meniscus tear, chondromalacia patella, and osteoarthritis. Paul Bachwitt, M.D., in an independent medical evaluation report dated January 3, 2014, concluded that Ms. Durst's work injury had resulted in meniscal tears of the right and left knees; cervical radiculopathy; and sprain/strains of the cervical spine, lumbar spine, left shoulder, and both knees. He also found pre-existing degenerative changes in the cervical and lumbar spine that were not related to the work injury. In regard to her lumbar spine, Dr. Bachwitt noted that a lumbar MRI revealed only degenerative changes with no evidence of a herniated disc or neurological compromise. Dr. Bachwitt concluded that the claimant had not yet reached maximum medical improvement but would do so in three or four months.

In April of 2014, office notes from Ms. Durst's treating physician, John Ellison, M.D., provided that Ms. Durst reported good relief following a couple of cervical epidural injections. The claimant remained off work. Ms. Durst requested trigger point injections and a TENS unit. Dr. Ellison's assessment was lumbar sprain and radiculitis/brachial neuritis. The claimant had completed physical therapy and Dr. Ellison recommended that she continue toward her remaining therapy goals with a home exercise program. Although the claimant wished to continue with physical therapy, she was advised to try the home exercise program for thirty to sixty days. A trial TENS unit was recommended.

By report dated May 5, 2014, Dr. Bachwitt, having performed another independent medical evaluation, found Ms. Durst to be at maximum medical improvement. Specifically, he opined that no further medical treatment was necessary for her compensable injuries. Dr. Bachwitt asserted that the claimant was capable of returning to full duty work without restrictions. In an addendum dated May 19, 2014, Dr. Bachwitt opined that Ms. Durst suffered from 16% whole person impairment for her compensable injuries.

On June 11, 2014, the claims administrator denied Ms. Durst's request for a referral to Shailen Mehta, M.D., at Holzer Physical Medicine and Rehab for pain management. Then, on June 26, 2014, the claims administrator granted Ms. Durst a 16% permanent partial disability award. Ms. Durst has withdrawn her protest of the June 26, 2014, decision. On June 27, 2014, the claims administrator closed the claim for temporary total disability benefits. By separate decision on the same day, the claims administrator denied Ms. Durst's request for additional temporary total disability benefits.

In her September 18, 2014, deposition Ms. Durst explained her injury and stated that she continued to work until July 9, 2013, at which time she underwent surgery on both knees. Her neck injury was treated with a series of epidural injections which helped some. Ms. Durst stated that she had not been released to return to work by her treating, physician. She testified that she

asked Dr. Ellison to refer her to Dr. Mehta because she believed trigger point injections would help her low back pain. She noted that she had previously received an injection from Dr. Mehta ten or twelve years ago and the injection had significantly improved her low back symptoms. Ms. Durst also indicated that David Caraway, M.D., the pain management specialist who had administered her cervical epidural injections, would not agree to administer trigger point injections for her lumbar spine. She stated that she continued to have low back pain that radiated down into her lower extremities. Ms. Durst reiterated that she had never experienced low back pain radiating into her lower extremities prior to the compensable injury. She acknowledged that she previously injured her neck and low back in 2002. As part of the appeal, Felman Production, Inc., introduced records from 2002, 2004, 2007, 2008, and 2009, which showed Ms. Durst had injuries and treatment for her lower back.

Treatment notes from Dr. Ellison from September of 2014 through October of 2014 indicated the claimant was seen for follow-up of chronic low back pain from her work-related injuries. The treatment plan was for the claimant to remain off work and continue with her home exercise program. He estimated that the claimant could return to full duty work on December 1, 2014.

The Office of Judges determined that Ms. Durst has failed to show that she continued to be temporarily and totally disabled at the time of the claims administrator's June 27, 2014, decision. The Office of Judges found that Dr. Bachwitt's report was persuasive and showed that Ms. Durst was at maximum medical improvement on May 5, 2014. The Office of Judges found that Ms. Durst did not submit sufficient evidence to show that she remained temporarily and totally disabled after May 5, 2014. The Office of Judges determined that Ms. Durst should not be considered temporarily and totally disabled simply because of her back pain. The Office of Judges noted that she had a long history of low back problems that predate the compensable injury in this claim. Specifically, medical evidence introduced by the employer shows that Ms. Durst received medical treatment for prior low back injuries with associated low back complaints in 2002, 2004, 2007, 2008, and 2009. Further imaging studies of Ms. Durst's lumbar spine have revealed only degenerative changes. Finally, the evidence showed that Ms. Durst withdrew her protest to the claims administrator's June 26, 2014, decision which granted her a 16% permanent partial disability award based upon Dr. Bachwitt's findings. The Office of Judges found that it was inconsistent for her to accept Dr. Bachwitt's implicit finding that she had reached maximum medical improvement in that area of litigation, but argue that his report should not be relied upon in this appeal. The Office of Judges also concluded that because Ms. Durst was determined to be at maximum medical improvement and did not support her request for a pain management consultation with proper evidence, that it was proper to deny her pain management consultation request. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decisions of the claims administrator, Office of Judges, and Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005) temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. Dr. Bachwitt found Ms. Durst to be at maximum medical improvement on May 5,

2014, and the other evidence of record supported his finding. As a result, it was not in error for the Office of Judges and Board of Review to not extend or reopen the claim for temporary total disability benefits. Because Ms. Durst was at maximum medical improvement, it was proper for the Office of Judges and Board of Review to conclude a pain management consultation at the Holzer clinic was not medically related or necessary for her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4